```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GLENN J. WHITT,**

    **Plaintiff,**

**v.**                      **CIVIL ACTION NO. 1:12CV52**
                                        **(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Fed. R. Civ. P. 72(b), and L.R. Civ. P. 4.01(d), on March 27, 2012, the Court referred this Social Security action to United States Magistrate John S. Kaull ("Magistrate Kaull" or "magistrate judge") with directions to submit proposed findings of fact and a recommendation for disposition.

On August 6, 2013, Magistrate Judge Kaull filed his Report and Recommendation ("R&R") (dkt. no. 17), and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file any written objections with the Clerk of Court within fourteen (14) days after being served with a copy of the R&R. On August 19, 2013, plaintiff, Glenn Whitt ("Whitt"), by counsel, Montie Van Nostrand, objected (dkt. no. 18) to the Magistrate Judge's R&R. The Commissioner filed no objections.

**WHITT V. COMMISSIONER OF SOCIAL SECURITY**                  **1:12CV52**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.    PROCEDURAL BACKGROUND**

On January 27, 2004, Whitt filed his third application for SSI, alleging disability since September 1, 1998, for acute chronic obstructive pulmonary disease ("COPD"), bilateral carpal tunnel syndrome, seizures, torn rotator cuff in his right shoulder, acute tendinitis, arthritis, bursitis in his right shoulder, "back problem," right hip pain, and leg pain (R. 55, 228-30, 270)[1]. The Commissioner denied this application initially and upon reconsideration (R. 117-18). Following a request for a hearing, an Administrative Law Judge ("ALJ") conducted a hearing on April 14, 2005, at which Whitt appeared and testified. An impartial vocational expert ("VE") also testified. On August 3, 2005, the ALJ issued an unfavorable opinion (R. 166-75). Whitt appealed the ALJ's decision and the Appeals Council remanded the case for further

---

[1] Whitt filed his first application on October 1, 1998, which the Commissioner denied initially and upon reconsideration. Whitt did not seek an appeal from that denial. (R. 122). He filed a second application on February 16, 2001, which also was denied initially and upon reconsideration. After Whitt requested a hearing, on November 21, 2002, an administrative law judge conducted a hearing at which Whitt, represented by counsel, testified. An impartial vocational expert ("VE") also testified. On November 25, 2002, the ALJ issued an unfavorable decision that Whitt appealed. The Appeals Council denied his request for review (R. 122-40). Whitt then filed an action in this District and the court upheld the denial of benefits. (R. 141-63) (See NDWV 1:04cv104, Docket Entry 27). Whitt's alleged disabilities have, therefore, been adjudicated through November 25, 2002.

**WHITT V. COMMISSIONER OF SOCIAL SECURITY**                            **1:12CV52**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

review (R. 178-80)[2]. Upon remand, an ALJ conducted a new hearing on January 16, 2008. Whitt, represented by counsel, Dr. Irwin Chillag, a medical expert, and an impartial VE all testified (R. 1138-1204). On September 19, 2008, the ALJ issued an unfavorable decision (R. 184-98). Whitt again appealed the unfavorable decision, and, on April 15, 2009, the Appeals Council once more remanded the case for further review and development by the ALJ (R. 200-02).

On September 10, 2009, the ALJ conducted another hearing at which Whitt, represented by counsel, Dr. Balk, a medical expert, and an impartial VE testified (R. 1205-38). On April 21, 2010, the ALJ determined that Whitt was capable of performing a limited range of sedentary work (R. 55-74). Whitt appealed, and on February 7, 2012, the Appeals Council denied his request, thus making the April 21, 2010 decision the final decision of the Commissioner (R. 9-13). On March 27, 2012, Whitt timely filed this action seeking judicial review of the final decision.

## II.   PLAINTIFF'S BACKGROUND

Whitt was born on September 16, 1969, was forty (40) years on the date of the most recent decision and is considered a younger individual age 18-44 (R. 72, 228). He obtained his GED in 2001. His

---

[2] The ALJ's decision date is listed as November 26, 2002; the actual date, however, is August 3, 2005 (R. 185).

**WHITT V. COMMISSIONER OF SOCIAL SECURITY**                              **1:12CV52**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

past relevant work history included employment as a delivery vehicle driver for approximately two years (R. 72, 445). Whitt last worked in 1996, at age 27, and has not attempted to work since that time.

### III. STANDARD OF REVIEW

A district court is obligated to conduct a de novo review of those portions of a magistrate judge's R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C). However, it need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court will only review the magistrate judge's conclusions for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Whitt's objections to the R&R reiterate the same general arguments he made in his summary judgment motion before the magistrate judge. He disagrees with the following determinations made by the magistrate judge:

4

**WHITT V. COMMISSIONER OF SOCIAL SECURITY**                                      **1:12CV52**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Medication Use and Side Effects:

    1.   On page 68 of the R&R "that the record did not support plaintiff's [Whitt's] refusal to undergo counseling because of his symptoms of mental illness (dkt. no. 18 at 1);

    2.   On page 73 of the R&R "that claimant's [Whitt's] continued use of the medications would result in a tolerance to them is substantially supported by the record and the testimony of Dr. Balk and does not constitute the ALJ substituting his lay opinions for medical opinions," and "that the medications used would have no significant effect on claimant's ability to perform the work described in the RFC" (dkt. no. 18 at 2);

Other Objections:

    3.   On page 74 of the R&R "that the ALJ did not mischaracterize the testimony of Dr. Balk" (dkt. no. 18 at 4);

    4.   On page 82, that there is substantial evidence supporting the ALJ's evaluation of Dr. Haut's report (dkt. no. 18 at 9);

    5.   On page 87, that there is substantial evidence supporting the ALJ's credibility finding (dkt. no. 18 at 9);

    6.   On page 92, that the ALJ's discussion of Whitt's continued smoking, even if erroneous, amounted to harmless error (dkt. no. 18 at 9); and

    7.   On page 93, that the record substantially supports the ALJ's decision (dkt no. 18 at 10).

**WHITT V. COMMISSIONER OF SOCIAL SECURITY**            **1:12CV52**

### ORDER ADOPTING REPORT AND RECOMMENDATION

In his summary judgment motion, Whitt had argued:

1. There is lack of evidentiary support for the ALJ's finding that the claimant's use of medications were not necessary to his treatment and that <u>continued use of the medications would result in a tolerance to them and they would have no significant effect on the claimant's ability to perform the work described in the RFC</u> in the decision, when the ALJ's conclusions are based upon <u>errors of fact, medical judgments beyond his expertise, mischaracterization/misstatements regarding the testimony of Dr. Balk</u>, and a factually incorrect statement that claimant was discharged from a clinic for failing a drug screen (dkt. no. 12 at 9-10);

2. There is lack of support for the ALJ's mental RFC when he <u>rejected the neuropsychological report of Dr. Haut</u> for insufficient reasons when the Appeals Council wanted a psychological evaluation, when Dr. Balk testified that it was the most thorough and detailed, and when by the regulatory factors should have been entitled to the most weight. This was prejudicial because had the report been given appropriate weight, plaintiff would have been found disabled (dkt. no. 12 at 13); and

3. The two decisions by ALJ Alexander are fraught with errors of fact, misstatements, speculations not founded in fact, gratuitous disparaging remarks about the claimant which were contrary to the opinions of his own physicians, and appear to reflect a bias against "SSI only" claimants who do not have impressive work histories, claimants who are prescribed narcotic and other addictive medications, claimants who file multiple disability claims, claimants who have a history of drug and/or alcohol abuse, claimants with mental impairments, and particularly, claimants who repeatedly contest SSA decisions, especially his own (dkt. no. 12 at 15).(R&R 64-5).

(Emphasis added.)

Thus, Whitt's objections to the R&R restate the same arguments he raised on summary judgment, i.e., continued use of the

6

**WHITT V. COMMISSIONER OF SOCIAL SECURITY**                               **1:12CV52**

### ORDER ADOPTING REPORT AND RECOMMENDATION

medications would result in a tolerance to them; medical judgments by the ALJ are beyond his expertise; side effects from the medications would have no significant effect on the his ability to perform the work described in the RFC. Such general objections to a magistrate judge's report and recommendation, that is, ones that reiterate arguments already presented, "lack the specificity required by Rule 72 and have the same effect as a failure to object." Phillips v. Astrue, No. 6:10-53, 2011 WL 5086851, at *2 (W.D. Va. Oct. 25, 2011) (citing Veney v. Astrue, 539 F.Supp.2d 841, 845 (W.D. Va. 2008).

After carefully reviewing the magistrate judge's thorough and well-reasoned decision, which exhaustively analyzed all of the evidence in the record, the Court finds that Whitt has not raised any issues that were not thoroughly considered by Magistrate Judge Kaull in his R&R. Moreover, following an independent de novo consideration of all matters now before it, the Court is of the opinion that the R&R accurately reflects the law applicable to the facts and circumstances in this action. Therefore, it

**ORDERS** that Magistrate Judge Kaull's R&R be and it is accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly,

**WHITT V. COMMISSIONER OF SOCIAL SECURITY**            **1:12CV52**

### ORDER ADOPTING REPORT AND RECOMMENDATION

1. the defendant's motion for Summary Judgment (Docket No. 13) is **GRANTED**;

2. the plaintiff's motion for Summary Judgment (Docket No. 12) is **DENIED**; and

3. this civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this both Orders to counsel of record.

DATED: September 6, 2013.

                                           /s/ Irene M. Keeley
                                           IRENE M. KEELEY
                                           UNITED STATES DISTRICT JUDGE